IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| BILLY MACK DOUGLAS, PRO SE, | § | |
| also known as BILLY MAC DOUGLAS, | § | |
| also known as BILLY DOUGLAS, | § | |
| TDCJ-CID No. 1378020, | § | |
| Previous TDCJ-CID No. 670207, | § | |
| Previous TDCJ-CID No. 866771, | § | |
| Previous TDCJ-CID No. 980627, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:13-CV-0202 |
| | § | |
| Warden NORVEL L. ARNOLD, | § | |
| Asst. Warden KENDALL T. RICHERSON, | § | |
| Capt. DENNIS J. MARKGRAF, | § | |
| Lieutenant ROBERT D. COFFEY, | § | |
| Major KEITH D. JANUARY, | § | |
| CO III SHADRICK N. JACKSON, | § | |
| CO III CHRISTIE A. McLAUGHLIN, | § | |
| Srgt. TOMMY R. TOBIAS, | § | |
| CO IV MARTHA J. KINNEY, | § | |
| Srgt. CATHERINE M. THOMAS, and | § | |
| Counsel Sub. JENNIFER TORRES, | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION**

Plaintiff BILLY MACK DOUGLAS, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis.

After an initial review of the complaint, plaintiff was ordered to respond to a Briefing Order Questionnaire, which he did on January 3, 2014.

By his Complaint plaintiff claims the defendants have violated his Eighth Amendment rights and defendants ARNOLD, RICHERSON, JANUARY, and MARKGRAF have been deliberately indifferent.

Plaintiff alleges defendant COFFEY made a crude remark to him during a body cavity search and plaintiff complained to his mother, who called the unit, with the result that some people "talked to" to COFFEY. Plaintiff alleges COFFEY and the defendant officers and C.O.'s have since conspired to write plaintiff false disciplinary cases, with the result that plaintiff has been placed in medium custody and has not been able to recreate or exercise outside. Plaintiff states the false cases are for not cutting his hair, though he contends his hair is in compliance with TDCJ rules. Plaintiff then contradicts his previous assertion, stating he does not cut his hair because of an unidentified medical condition and big lumps on his head.

Plaintiff complains defendant MARKGRAF was the disciplinary hearing officer and defendant TORRES was plaintiff's counsel substitute at his disciplinary hearings. Plaintiff challenges his disciplinary convictions, saying, if he had done something "so bad," he should he demoted to G-5 and transferred off the unit; but, instead, defendants TOBIAS, JANUARY, JACKSON, KINNEY, McLAUGHLIN, THOMAS, and KIERAN harass him. Plaintiff complains that, on August 29, 2013 defendants THOMAS and KIERAN "took and destroyed [his] property[1]."

When required to state each and every fact to support his claims of conspiracy, plaintiff responded by repeating his vague allegations of harassment and that two officers wrote him disciplinary cases. It is well settled that " 'mere conclusory allegations of conspiracy cannot,

---

[1] See plaintiff's January 3, 2014 Questionnaire response to Question no. 5.

absent reference to material facts,' state a substantial claim of federal conspiracy." *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990). Plaintiff's conclusory allegations fail to state a claim of conspiracy on which relief can be granted.

When asked to state each fact supporting his contention that his disciplinary cases were retaliatory, plaintiff responded he had not done anything wrong or been caught doing anything bad. Instead, he said, the cases are harassment[2].

Plaintiff's own statement contained in his complaint at the hand-printed extension to his Statement of Claim refutes this assertion. Although plaintiff says he hasn't done anything wrong, he also states he "do[es] not cut [his] hair, because of medical condition's [sic], and big lumps on [his] head." Plaintiff does not state he has been diagnosed by a physician with any ailment which would prevent him from getting hair cuts and does not state that he has been given a pass from the medical department exempting him from grooming regulations for that reason.

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which

---

[2]Plaintiff's January 3, 2014 Response to the Court's Questionnaire, at Question 3.

retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Moreover, causation requires the plaintiff show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231. Finally, the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

In light of plaintiff's allegation that his allegedly false cases were for failure to cut his hair and plaintiff's own admission that he does not cut his hair, plaintiff has demonstrated he cannot plead facts to show "but for" causation and cannot present sufficient factual allegations to support his conclusory allegation of retaliation

Plaintiff's complaint could be construed as a claim that the defendants wrote false disciplinary cases against him. The Fourteenth Amendment guarantees due process, not error-free decision making. *McCrae v. Hankins,* 720 F.2d 863, 868 (5th Cir. 1983). Further, there is no longer a freestanding section 1983 claim for malicious prosecution in this circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2004). An inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a *claim*. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

As to plaintiff's claim concerning his property, plaintiff appears to state defendants THOMAS and KIERAN stole his property, allowing some of it to be destroyed or given to other

inmates. Under the *Parratt/Hudson*[3] doctrine, a claim of wrongful deprivation of property resulting from the "random and unauthorized" acts of a state officer, whether negligent or intentional, fails if there is an adequate state post-deprivation remedy that satisfies the requirements of due process. *Sheppard v. Louisiana Bd. of Parole*, 873 F.2d 761, 763 (5th Cir. 1989)(quoting *Hudson v. Palmer*, 468 U.S. 517, 533-35 (1984)). Texas has adequate post-deprivation remedies for the confiscation of prisoner property. *See Murphy v. Collins*, 26 F.3d 541-543-44 (5th Cir. 1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1995); see also TEX. GOV'T CODE ANN. art. 501.007. The defendants' alleged failure to adhere to prison procedures for confiscating property does not establish a due process violation. *See Jackson v. Cain*, 864 F.2d 1235, 1251-52 (5th Cir. 1989). Thus, plaintiff's claim lacks an arguable basis in law. *Id.; Murphy*, 26 F.3d at 543-44.

Moreover, to the extent plaintiff's property was confiscated pursuant to prison policy, due process is satisfied when the plaintiff is afforded ample notice and sufficient opportunity to object to the confiscation of his property, such as by way of the prison grievance system. *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Post-deprivation proceedings such as TDCJ's grievance procedures are adequate to satisfy the Due Process Clause with respect to confiscation of property pursuant to prison regulations. *McQueen v. Vance*, 68 F.3d 471, 1995 WL 581861, *1 (5th Cir. Sept. 20, 1995) (unpublished) (citing *McBride v. Collins*, No. 93-7468, slip op. at 3 (5th Cir. Jan. 19, 1994) (unpublished); *Allen v. Thomas,* No. H-02-3132, 2005 WL 2076033 at *9 (S.D.Tex. Aug.26, 2005). Although plaintiff has not shown

---

[3]*Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986).

he availed himself of the grievance system on this matter, it was available to him. Thus, plaintiff has failed to allege a claim with respect to the taking of his property by defendants THOMAS and KIERAN.

Any claim plaintiff seeks to assert against defendant JENNIFER TORRES in connection with her role as counsel substitute at his disciplinary hearings is frivolous. A counsel substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, with respect to this defendant, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in a conspiracy with such an official). Plaintiff cannot make such a showing and his claim against defendant TORRES lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff states he is suing defendants ARNOLD and RICHERSON because they have the power to stop the "continuous harassment" of which plaintiff has complained but have failed to do anything except deny his grievances. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official

to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claim against defendants ARNOLD and RICHERSON lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, to the extent plaintiff is attempting to state a claim under the Eighth Amendment, he has not alleged facts showing he has been deprived of the "minimal civilized measure of life's necessities" or that defendants have acted with subjective deliberate indifference to his conditions of confinement. *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991); *see Harper v. Showers*, 173 F.3d 716, 719 (5th Cir. 1999). Plaintiff has failed to state an Eighth Amendment claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, section 1983, by plaintiff BILLY MACK DOUGLAS be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 28 day of July, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).