IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| BILLY MACK DOUGLAS, PRO SE, <br> also known as BILLY MAC DOUGLAS, <br> also known as BILLY DOUGLAS, <br> TDCJ-CID No. 1378020, <br> Previous TDCJ-CID No. 670207, <br> Previous TDCJ-CID No. 866771, <br> Previous TDCJ-CID No. 980627, <br><br> Plaintiff, <br><br> v. <br><br> Warden NORVEL L. ARNOLD ET AL., <br><br> Defendants. | 2:13-CV-0202 |

## ORDER OF DISMISSAL

Plaintiff BILLY MACK DOUGLAS, while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against eleven defendants employed by the Texas Department of Criminal Justice, Institutional Division, and has been granted permission to proceed *in forma pauperis*.

After an initial review of the complaint, plaintiff was ordered to respond to a Briefing Order Questionnaire, which he did on January 3, 2014.

On July 28, 2014, the Magistrate Judge issued a Report and Recommendation analyzing plaintiff's claims and recommending dismissal with prejudice as frivolous and without prejudice for failure to state a claim on which relief can be granted.

On August 11, 2014, plaintiff submitted a document [D.E. 11] which the Clerk docketed as Objections to the Report and Recommendation, but which is actually a request for extension.

This request for extension was rendered moot by plaintiff's Objections [D.E. 12] to the Report and Recommendation filed on August 15, 2014.

Whether or not TDCJ personnel perform cavity searches, defendant COFFEY's crude remarks to plaintiff did not, of themselves, amount to a violation of plaintiff's constitutional rights. Allegations of mere verbal abuse do not present an actionable section 1983 claim. *Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993). Although, in his objections, plaintiff contends his hair has always been in compliance with TDCJ rules, plaintiff does not reconcile this statement with his statement, in his complaint, that he does not cut his hair because of an unidentified medical condition and big lumps on his head. In any event, there is no longer a freestanding section 1983 claim for malicious prosecution in this circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2004). An inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a *claim. Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003).

Lastly, plaintiff claims he was not allowed to go to recreation from the end of February 2013 until his July 25, 2014 transfer to the Allred Unit, due to retaliation he experienced at the Dalhart Unit. This allegation, even when examined in conjunction with additional allegations presented by plaintiff in his complaint, presents merely his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the objections filed by the plaintiff.

The Court is of the opinion that plaintiff's objections should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge.

IT IS THEREFORE ORDERED that the Civil Rights Complaint by BILLY MACK DOUGLAS is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED. The Court declines to exercise pendant jurisdiction of any state law claims asserted; and they are, therefore, DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record. The Clerk shall also mail copies of this order to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____ 25th _____ day of August, 2014.

_____
MARY LOU ROBINSON
United States District Judge